## WILLIAM H. P. McLELLAN *vs.* SAMUEL ALLBEE & *al.*

A conditional promise to pay a specified demand, where the other party refuses to accede to the condition annexed, is not sufficient to take the demand out of the operation of the statute of limitations, either as a promise to pay or as an admission of present indebtedness.

Where the principal in a note, on being requested to pay it, said, "he could not pay it then," and on being told that the surety would be called upon for the note, replied, "that he did not want to have the surety called upon for it, as the surety had signed the note to oblige him;" and where in another conversation with the agent of the payee, the principal "proposed to pay a part of it, if he could have time on the balance," and the agent replied, that he "was not authorized to take a part of it;" *it was held by the Court,* that the demand was not taken out of the operation of the statute of limitations.

EXCEPTIONS from the District Court, for the Middle District, REDINGTON J. presiding.

Assumpsit on a note, dated *July* 7, 1832, given by *Allbee,* as principal, and by *Keith,* the other defendant, as surety, for $20, payable to *William McLellan,* or order, on demand with interest, and by him indorsed. The general issue was pleaded, and the statute of limitations relied on in a brief statement. The writ was dated *July* 7, 1838.

After the note was read to the jury, the plaintiff introduced the deposition of *Thomas McLellan,* who testified that in the year 1837, the note " was handed to me by my brother, *William McLellan,* to collect for him of the payers. I called on *Mr. Allbee* soon after, to pay said note ; he said he could not pay it then. I told him I must call on *Mr. Keith* for said note, if he did not pay. He told me, he did not want me to call on *Mr. Keith* for it, as *Keith* had signed the note to oblige him. I saw *Mr. Allbee* after-

wards, and he then proposed to pay a part of it, if he could have time on the balance. I told him I was not authorized to take a part of it."

The Judge ruled, that the deposition, if believed, furnished evidence of an acknowledgment of indebtedness on the part of the defendants sufficient to take the case out of the statute of limitations, and that therefore the action is not barred by that statute. To this the defendants excepted.

*J. S. Abbott* argued for the defendants.

1. If no new promise be proved, the action is barred by the statute of limitations. *Presbrey* v. *Williams,* 15 *Mass. R.* 193; *Little* v. *Blunt,* 9 *Pick.* 488.

2. The expressions made use of by *Allbee,* as stated in the deposition, are not sufficient to take the case out of the statute of limitations.

To take a demand out of the operation of the statute of limitations, there must be either an absolute promise to pay the debt; or a conditional promise, accompanied by proof of the performance of the condition; or an unambiguous acknowledgment of the debt, as still existing and due. *Perley* v. *Little,* 3 *Greenl.* 97; *Porter* v. *Hill,* 4 *Greenl.* 41; *Deshon* v. *Eaton, ib.* 413; *Thayer* v. *Mills,* 14 *Maine R.* 300; *Bangs* v. *Hall,* 2 *Pick.* 368; *Whitney* v. *Bigelow,* 4 *Pick.* 110; *Robbins* v. *Otis,* 3 *Pick.* 4; *Sigourney* v. *Drury,* 14 *Pick.* 387. Here was neither an assent to the conditional proposition, nor proof of the performance of the condition.

*Chandler,* for the plaintiff, admitted that the case, *Presbrey* v. *Williams,* 15 *Mass. R.* 193, was conclusive, that the action was not brought within six years from the time the cause of action accrued.

The proof in this case, shows an acknowledgment of the existence of the debt sued for; and that is sufficient to take the case out of the statute. *Perham* v. *Raynal,* 9 *English Com. L. Rep.* 415; *Dean* v. *Hewitt,* 5 *Wend.* 257; *Pinkerton* v. *Bailey,* 8 *Wend.* 600; *Whitney* v. *Bigelow,* 4 *Pick.* 110. And this promise is available to the plaintiff, though made to a stranger. *Peters* v. *Brown,* 4 *Esp. R.* 46; *Whitney* v. *Bigelow,* 4 *Pick.* 110.

There is no distinction between a promise and acknowledgment made before the statute attached, and one made after.   1 *Wheat. Selw. N. P.* 140 ; *Angell on Lim.* 251.   The acknowledgment of the principal in a joint and several note will take the case out of the statute of limitations as to one who signs that note as a surety. 2 *Doug.* 652 ; 9 *English Com. L. R.* 415 ; 8 *Bing.* 309 ; *Angell on Lim.* 272 ; 2 *Pick.* 581 ; 3 *Pick.* 291 ; 4 *Pick.* 382 ; 14 *Pick.* 387.   Upon a general acknowledgment, a general promise to pay may and ought to be implied.   1 *Wheat. Selw. N. P.* 140 ; 3 *Conn. R.* 370.   The acknowledgment must relate to the identical debt.   9 *Cowen*, 674.   In the present case the note in suit is specially referred to.   In the cases cited in the defence, there was something said to show, that the party making the acknowledgment did not intend to pay the demand.   Here was an express admission of indebtedness, and nothing to repel the implied promise to pay.   Although the plaintiff's agent did not promise to wait, yet he did in fact wait, and this is a sufficient performance of the condition on his part.

*Holmes* argued on the same side.

The opinion of the Court was drawn up by

SHEPLEY J. — The argument for the plaintiff admits, that the action was not commenced in season to prevent the operation of the statute of limitations.   The language proved to have been used by the defendant, *Allbee*, may be equivalent to a conditional promise to pay, but the other party did not accede to the condition annexed.   It is contended, that though not for that reason effectual as a promise, an admission of present indebtedness may be inferred from it.

An acknowledgment of present indebtedness being only evidence from which a promise may be implied, an unconditional promise cannot be implied from testimony exhibiting the condition attached to it ; so that any implied promise would be as liable to the objection, that it was conditional as the express one.

In the case of *Routledge* v. *Ramsay*, 3 *Nev. & Peng.* 319, the language used was, " I give the above accounts to you, so you must collect them, and pay yourself and you and I will be clear," and it was decided, that although this was an acknowledgment of

the debt, yet as it contained merely a promise to pay in a particular manner, no general promise to pay could be implied from it, and that it was not sufficient to take the case out of the statute.

To avoid the statute in this case it would be necessary to infer an acknowledgment, that the debt was due from a conditional promise to pay it; and then to substitute an implied unconditional promise for an express conditional one. And it would require the law to admit an implied promise to be raised, when an express one exists and inconsistent with it.

*Exceptions sustained and judgment for defendants.*